IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TWIN SPANS BUSINESS PARK, LLC,
and HDC, INC.

        *Plaintiffs*,

    v.

CINCINNATI INSURANCE COM-
PANY,

        *Defendant*.

No. 1:19-cv-00476-SB-SRF

Daniel F. McAllister, TARABICOS GROSSO, LLP, New Castle, Delaware.

        *Counsel for Plaintiffs.*

**MEMORANDUM OPINION**

April 1, 2021

BIBAS, *Circuit Judge*, sitting by designation.

Twin Spans Business Park, LLC and HDC, Inc. object to Magistrate Judge Sherry Fallon's March 2, 2021, Oral Order denying their motion to compel discovery. I decline to reconsider that decision.

Twin Spans and HDC want Cincinnati Insurance's claims file from an unrelated case, *Hutch Enterprises, Inc. v. Cincinnati Insurance Co.* (W.D.N.Y. Case No. 1:16-cv-01010). D.I. 62, at 1. Yet they failed to convince the Magistrate Judge. She denied their motion to compel but made clear that they could still ask for written discovery or deposition transcripts from *Hutch Enterprises*.

Twin Spans and HDC object. They argue that I should overrule the Magistrate Judge because their request is not a "fishing expedition" and because the Oral Order erred by assuming that the docket in *Hutch Enterprises* contained entries reflecting the discovery taken in that case. Cincinnati Insurance did not file a response.

I will deny the motion. Twin Spans and HDC make a foundational error: they claim that I review the Magistrate Judge's decision de novo under 28 U.S.C. §636(b)(1)(C). Not so. Section 636(b)(1)(C) governs only specific, listed motions—for judgment on the pleadings, summary judgment, and the like. *Id.*; Fed. R. Civ. P. 72(b). But here, I tasked the Magistrate Judge with settling a pretrial discovery matter. That means my review is governed by §636(b)(1)(A). *See also* Fed. R. Civ. P. 72(a). And under that subsection, I may reconsider matters only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." §636(b)(1)(A).

2

The plaintiffs have shown nothing clearly erroneous or contrary to law about the Magistrate Judge's ruling. Indeed, they do not even try to argue under that standard. Nor could they. The Magistrate Judge's Oral Order reflected a careful review of the record and was reasonable.

\* \* \* \* \*

I can overrule the Magistrate Judge's Oral Order only if it was clearly erroneous or contrary to law. But here, it was not. I will let the Magistrate Judge's thoughtful Order stand.