

**TARABICOS, GROSSO & HOFFMAN, LLP**

Larry J. Tarabicos
Geoffrey L. Grosso
Michael J. Hoffman
Scott L. Matthews
Daniel F. McAllister
Lauren R. Otto (GA, PA, and DE Certified Limited Practice Licensee)
Noah D. Chamberlain
Maria R. Madison (IL and NE only)
Cameron P. Wolfson (PA only)
Peter A. Yingst (Certified Limited Practice Licensee)

Daniel F. McAllister
dan@tarabicosgrosso.com
(o) 302-757-7816
(c) 302-598-1123

One Corporate Commons
100 West Commons Boulevard
Suite 415
New Castle, DE 19720
302-757-7800
www.tarabicosgrosso.com

August 5, 2021

**VIA PACER**

The Honorable Stephanos Bibas
U.S. Court of Appeals
Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re: ***Twin Spans Business Park, LLC and HDC, Inc. v. Cincinnati Insurance Company*** **C.A. No.: 1:19-cv-00476-SB-SRF**

Dear Judge Bibas:

Plaintiffs write to the Court separately and in conjunction with the joint submission (D.I. 68) filed in response to Your Honor's July 29, 2021 oral order for the purpose of clarifying Plaintiffs' objection to any further dispositive motions as untimely.

Trial in this matter has been scheduled and rescheduled five times. The trial was originally scheduled for June 29, 2020. (D.I. 7) Prior to the COVID-19 pandemic, and in direct response to the Parties' joint stipulated amendment of the scheduling order setting April 15, 2020 as the dispositive motion deadline (D.I. 17), the Court continued the June 29, 2020 trial indefinitely. Nonetheless, April 15, 2020 came and went and neither party filed a dispositive motion or requested an extension of the deadline.

On May 15, 2020 the Court issued an oral order setting the trial date for September 14, 2020. On August 28, 2020 the parties jointly requested a continuance of the trial. (D.I. 38) On September 1, 2020, fewer than two weeks before the trial was scheduled to commence, the Court granted the motion to continue the trial, although the trial would not have proceeded anyway due to the emergency order in place at the time. As of September 1, 2020, Defendant had not filed a dispositive motion nor had it expressed an intent do so even though the scheduled trial was two weeks away.

The Hon. Stephanos Bibas
August 5, 2021
Page 2
_____

On October 6, 2020, the Court rescheduled the trial for June 1, 2021 (D.I. 42). On April 16, 2021 the Court again rescheduled the trial for October 4, 2021. (D.I. 66) As of April 16, 2021, Defendant had not filed a dispositive motion nor had it expressed an intent do so even though the scheduled trial was six weeks away.

The Court stated in the April 16, 2021 order that it did not anticipate any further delays in the trial date. Nevertheless, the trial was continued once again, at Defendant's request and over Plaintiffs' objection, to December 6, 2021.

On November 23, 2020 the Parties jointly wrote to Your Honor, and Defendant advised it would immediately notify the Court if it determined that dispositive motions were warranted. Now, over one year after trial in this matter was originally scheduled, Defendant still will not say whether it intends to file a dispositive motion. Nonetheless, Defendant asks for an effective dispositive motion deadline of September 24, 2021. The time between this proposed deadline and the December 6, 2021 trial date is shorter in duration than the time between the original June 29, 2020 trial date and the revised April 15, 2020 dispositive motion deadline that prompted the Court *sua sponte* to continue the first trial date indefinitely. Given the time required for answers and replies on any dispositive motion, Defendant's proposed dispositive motion deadline will surely require a sixth rescheduling of the trial date.

Given the repeated prior continuances in the trial date, the expiration of prior dispositive motion deadlines, and Defendant's continued irresolution with respect to whether it even intends to file a dispositive motion, Plaintiffs object to any further dispositive motion deadlines or opportunity for dispositive motions. The only effect of Defendant's proposed September 24, 2021 dispositive motion deadline will be to further delay the trial.

To the extent Defendant wishes to narrow the issues at trial, Plaintiffs do not object to motions *in limine* or other pretrial motions, including *Daubert* motions.

Undersigned counsel is available at the convenience of the Court should Your Honor have any questions or concerns.

        Respectfully submitted,

        */s/ Daniel F. McAllister*

        Daniel F. McAllister
        Bar ID: 4887

cc:    Robert Ciociola, Esq. (via Pacer)
       Laurence Tooth, Esq. (via Pacer)
       Josiah Wolcott, Esq. (via Pacer)
       Daniel G. Litchfield, Esq. (via Pacer)