THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TWIN SPANS BUSINESS PARK, LLC and HDC, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>THE CINCINNATI INSURANCE COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No.: 1:19-cv-00476-RGA<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION TO DISQUALIFY MICHAEL B. KINNARD
AS COUNSEL FOR PLAINTIFFS**

NOW COMES the Defendant The Cincinnati Insurance Company ("Cincinnati") and for its Motion to Disqualify Michael B. Kinnard as Counsel for Plaintiffs states as follows:

**FACTUAL BACKGROUND**

Michael B. Kinnard was deposed as a witness in this matter on November 9, 2020. Mr. Kinnard testified under oath that he is the Executive Vice President and General Counsel for Harvey Hanna & Associates, Inc ("Harvey Hanna"). (Ex. A, Kinnard Dep. Trans. 11:11-18, 13:5-9). As Executive Vice President of Harvey Hanna, he essentially operates as the company's CEO. (*Id.* at 13:10-12). Harvey Hanna is the named insured on the Cincinnati insurance policy number CPP 105 36 12 at issue in this dispute, under which Plaintiffs seek to recover. (ECF Doc. 1-1 ¶¶ 6–8 & Ex. A & Ex. C). Harvey Hanna is an entity related to the Plaintiffs, with Harvey Hanna serving as the registered agent of Plaintiff Twin Spans Business Park, LLC, according to records available through the Delaware Division of Corporations. Moreover, Plaintiffs identified in discovery all Harvey Hanna employees, including Mr. Kinnard, as having knowledge of

Plaintiffs' claims. (Ex. B, Twin Spans Business Park, LLC and HDC, Inc. Answers and Objections to Defendant's Interrogatories to Plaintiffs, Interrogatories ¶¶ 2–5, 10–11).

Mr. Kinnard has not worked for a law firm in private practice since 1994. (Ex. A, Kinnard Dep. Trans. 8:17–9:7). After working in-house in legal, operational and executive roles for various companies for many years, (*id.* at 9:7–11:1), he opened his own operational, legal and consulting business, (*id.* at 11:2-5). In late 2014 or early 2015, Mr. Kinnard first began to work with Harvey Hanna as an independent contractor, primarily consulting on the operational and project management business matters, not legal work. (*Id.* at 11:5–12:3). Later, in August 2016, Mr. Kinnard joined Harvey Hanna full-time as its General Counsel and Vice President. (*Id.* at 11:9-10, 13:5-9).

Mr. Kinnard has executive authority greater than that of other employees and witnesses to approve major capital expenditures, like the roof repairs and replacements at issue in this case. (*Id.* at 40:21–42:1). Documents and deposition testimony in this case show that Mr. Kinnard was directly involved in communicating with Cincinnati about the claims alleged in Plaintiffs' complaint. Cincinnati deposed Mr. Kinnard for over three hours on November 9, 2020, during which time he answered Cincinnati's questions as they pertained to non-privileged information relevant to Plaintiffs' claims and Cincinnati's defenses in this case. *See generally* Ex. A.

Nevertheless, on October 5, 2021, mere weeks before trial in this matter is set to begin on December 6, 2021, Plaintiffs moved to admit Mr. Kinnard *pro hac vice* as counsel in this case. (ECF Doc. 72). Before Cincinnati could object, the Court granted Plaintiffs' motion in a docket text order, dated October 6. Cincinnati now moves to vacate that order and/or disqualify Mr. Kinnard as counsel at trial because he is not eligible to appear *pro hac vice* and because he is a critical witness, who cannot shield himself from testifying by becoming Plaintiffs' trial advocate.

# ARGUMENT

Two separate and independent bases exist to disqualify Mr. Kinnard as counsel in this matter. First, Mr. Kinnard appears to be ineligible for *pro hac vice* admission under D. Del. LR 83.5(c). Second, the Lawyer as Witness rule precludes Mr. Kinnard from serving as advocate at a trial where he will likely be called as a witness, which is the case here. For either or both of these reasons, the Court should disqualify Mr. Kinnard from serving as counsel of record.

**I.      Mr. Kinnard is Ineligible for *Pro Hac Vice* Admission under D. Del. LR 83.5(c)**

D. Del. LR 83.5(c) states:

> Admission *Pro Hac Vice*. Attorneys admitted, practicing, and in good standing in another jurisdiction, who are not admitted to practice by the Supreme Court of the State of Delaware, may be admitted *pro hac vice* to the Bar of this Court in the discretion of the Court, such admission to be at the pleasure of the Court. Unless otherwise ordered by the Court, or authorized by the Constitution of the United States or acts of Congress, **an applicant is not eligible for permission to practice *pro hac vice* if the applicant:**
>
> **(1)     Resides in Delaware; or**
>
> **(2)     Is regularly employed in Delaware; or**
>
> **(3)     Is regularly engaged in business, professional, or other similar activities in Delaware.**
>
> Any judge of the Court may revoke, upon hearing after notice and for good cause, a *pro hac vice* admission.

(Emphasis added). Only one of these criteria need apply to Mr. Kinnard to render him ineligible to practice *pro hac vice* before this Court. Here, it cannot be disputed that Mr. Kinnard is a full-time employee of Harvey Hanna, located in Delaware at 405 E. Marsh Lane in Newport, Delaware. Alternatively, Mr. Kinnard is regularly engaged in business, professional or other similar activities in Delaware as Harvey Hanna's Executive Vice President and General Counsel, including operations and development of a hotel, event center and condominium projects for

Harvey Hanna in Dewey Beach, Delaware, (Ex. A, Kinnard Dep. Trans. 12:4-16), or his involvement in the claims at issue in this case.

Mr. Kinnard should never have applied for *pro hac vice* admission. Despite his certification to the contrary, ECF Doc. 72 at PageID # 409, Mr. Kinnard is ineligible for admission under Rule 83.5. To the extent necessary to comply with the D. Del. LR 83.5, a hearing to revoke Mr. Kinnard's *pro hac vice* admission should be scheduled as soon as possible. Alternatively, Mr. Kinnard can be disqualified as counsel for Plaintiffs based on the Lawyer as Witness rule without a hearing required by the local rules.

## II. Mr. Kinnard's *Pro Hac Vice* Admission Violates the Lawyer as Witness Rule under the Model Rules of Professional Conduct

Pursuant to D. Del. LR 83.6(d), the Model Rules of Professional Conduct of the American Bar Association ("Model Rules") govern "all attorneys admitted or authorized to practice before this Court, including attorneys admitted on motion or otherwise . . . ." Model Rule 3.7 Lawyer as Witness, also known as the advocate witness rule, states:

> (a)   A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
> (1)   the testimony relates to an uncontested issue;
>
> (2)   the testimony relates to the nature and value of legal services rendered in the case; or
>
> (3)   disqualification of the lawyer would work substantial hardship on the client.

"The lawyer as witness rule protects the integrity of the advocate's role as an independent and objective proponent of rational argument and preserves the distinction between advocacy and testimony." *Cannon Airways, Inc. v. Franklin Holdings Corp.*, 669 F. Supp. 96, 99 (D. Del. 1987) (citing official comment to Rule 3.7). Here, the advocate witness rule disqualifies Mr. Kinnard from acting as counsel for Plaintiffs at trial.

4

"The Court has the inherent authority to supervise the professional conduct of attorneys appearing before it, including the power to disqualify an attorney from a representation." *Princeton Digital Image Corp. v. Off. Depot Inc.*, No. CV 13-239-LPS, 2017 WL 3573812, at *1 (D. Del. Aug. 17, 2017) (citing *United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980)). Attorney conduct is governed by the ethical standards of the court before which the attorney appears. *Id.* (citing *In re Corn Derivatives Antitrust Litig.*, 748 F.2d 157, 160 (3d Cir. 1984)). As noted above, the District of Delaware has adopted the Model Rules, including Model Rule 3.7(a). The *Princeton Digital Image* court, applying Model Rule 3.7(a), disqualified trial counsel because he was likely to be a necessary witness and did not fall into one of the exceptions of Rule 3.7(a). *Id*. The court noted the attorney's "personal knowledge of relevant facts" that were relevant to the causes of action and knowledge that other witnesses did not have, as well as the fact that another attorney "has been lead (and often seemingly sole) counsel" and that he would continue to serve in that role. *Id*.

The same rationales are applicable here, where Mr. Kinnard has authority and knowledge no other witnesses possess concerning the capital expenditures involving the roofs and buildings at issue, for which Plaintiffs seek to recover in this lawsuit. Other witnesses report directly to him, and he can corroborate or contradict their testimony. Mr. Kinnard also oversaw the insurance claim for the Plaintiffs and communicated with Cincinnati, giving him personal knowledge of the Plaintiffs' basis for asserting that Cincinnati acted in bad faith. Additionally, Attorney Daniel McAllister of the Tarabicos, Grosso & Hoffman, LLP firm has been lead (and often seemingly sole) counsel for Plaintiffs for the majority of this litigation. Mr. McAllister has not withdrawn his appearance in this matter and, presumably, remains capable of trying this case. And, as explained by the Rule 3.7(a) commentary and cases from this district, there are always

concerns about confusing the jury if an attorney acts as both witness and advocate at trial. *See American Bar Association*, Rule 3.7 Lawyer as Witness Comment, https://www.americanbar.org/groups/professional_responsibility/publications/model_rules_of_professional_conduct/rule_3_7_lawyer_as_witness/comment_on_rule_3_7/ (accessed October 13, 2021); *Princeton Digital Image*, 2017 WL 3573812, at *1 n.4 (D. Del. Aug. 17, 2017) ("Mr. O'Kelly's dual role will only serve to confuse or mislead the jurors who, unlike a judge, may find it difficult to distinguish between the role of a fact witness and the role of counsel. . . . Even if Mr. O'Kelly does not testify, it is too prejudicial for him to serve as an advocate while his name and representations on behalf of PDIC are at the epicenter of the disputes to be tried, replete in the record, and will be assessed by the jury as party admissions."); *Roberts v. Bayhealth Med. Ctr., Inc.*, No. CV 13-1779-LPS, 2015 WL 5031961, at *7 (D. Del. Aug. 25, 2015) (citing the possibility of jury confusion and unfair prejudice to opposing party as grounds for prohibiting attorney to "simultaneously seem to serve as counsel and witness.").

Additionally, none of the exceptions listed in Rule 3.7(a) apply here. Cincinnati does not anticipate that Mr. Kinnard's testimony will relate to uncontested issues. Despite an amicable working relationship in this litigation, there has been little agreement between the parties about the issues to be tried, particularly Plaintiffs accusations of bad faith in Cincinnati's handling of the claim, which Mr. Kinnard oversaw for Plaintiffs. Cincinnati also does not anticipate that Mr. Kinnard's testimony will relate to the nature or value of legal services rendered by Plaintiffs' trial counsel. Finally, disqualification of Mr. Kinnard creates no hardship on Plaintiffs. This litigation has been pending since 2019. Plaintiffs' counsel Mr. McAllister has handled all aspects of this litigation, including discovery and depositions, without Mr. Kinnard being counsel of record. To the extent Mr. Kinnard has been involved in this litigation from behind the curtain, he

can continue to operate there without a *pro hac vice* admission. Disqualifying Mr. Kinnard as counsel and revoking his eleventh hour admission will return the parties to the status quo and permit the trial to continue in its natural course.

## CONCLUSION

Mr. Kinnard should have never been admitted *pro hac vice* in this case. His application and admission violates D. Del. LR 83.5(c) and Model Rule 3.7(a). This Court should revoke Mr. Kinnard's *pro hac vice* admission and/or he should be disqualified from serving as Plaintiffs' counsel at trial. Accordingly, Cincinnati requests the following relief from the Court:

1. Vacate the docket text order entered on October 6, 2021 granting Michael B. Kinnard's *pro hac vice* appearance; or

2. In the alternative, schedule a hearing pursuant to D. Del. LR 83.5(c) to revoke the *pro hac vice* admission of Michael B. Kinnard; and

3. Grant any further relief this Court finds to be equitable or necessary.

## CERTIFICATION PURSUANT TO D. DEL. LR 7.1.1

The undersigned counsel for Defendant The Cincinnati Insurance Company ("Cincinnati") certifies that the parties made a reasonable effort to resolve the disputes set forth in Cincinnati's foregoing motion, including oral communication that involved Delaware counsel for the parties, and that the parties were unable to reach agreement on the relief sought.


| | |
|---|---|
| Of Counsel:<br><br>Laurence J.W. Tooth<br>(admitted pro hac vice)<br>LITCHFIELD CAVO LLP<br>303 W. Madison St., Suite 300<br>Chicago, IL 60606<br>T: 312.781.6669<br>F: 312.781.6630<br>tooth@litchfieldcavo.com<br><br>Dated: October 15, 2021 | Respectfully submitted,<br><br>*/s/ Josiah R. Wolcott*<br>Josiah R. Wolcott (Bar No. 4796)<br>CONNOLLY GALLAGHER LLP<br>267 East Main Street<br>Newark, DE 19711<br>302-888-6271 (Phone)<br>302-757-7283 (Fax)<br>jwolcott@connollygallagher.com<br><br>*Counsel for Defendant* |