## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

TWIN SPANS BUSINESS PARK, LLC, )
et al, )
                               )
          Plaintiffs, )
                               )
         v. )       Civil Action No. 19-476-SB-SRF
                               )
CINCINNATI INSURANCE CO., )
                               )
         Defendant. )

## MEMORANDUM ORDER

At Wilmington this **5th** day of **November 2021**, the court having considered the

Defendant's Motion to Disqualify Michael B. Kinnard ("Mr. Kinnard") as counsel for Plaintiffs

(D.I. 73),[1] Plaintiffs' letter submission (D.I. 75) in response to the court's October 19, 2021 Oral

Order, and the parties' arguments at the November 1, 2021 hearing, IT IS HEREBY ORDERED

that: (1) The *pro hac vice* admission of Mr. Kinnard as counsel for Plaintiffs (D.I. 72) is

REVOKED for good cause in accordance with D. Del. Local Rule 83.5(c); and (2) Defendant's

Motion to Disqualify (D.I. 73) is GRANTED.

    **1. Background.** Attorney Daniel McAllister ("Mr. McAllister") moved for the *pro hac*

*vice* admission of Mr. Kinnard as counsel for Plaintiffs on October 5, 2021, and incorporated in

that motion a certification of eligibility by counsel seeking admission. (D.I. 72) The court

granted the Motion on October 6, 2021.[2] On October 15, 2021, Defendant filed a Motion to

Disqualify Mr. Kinnard as counsel for Plaintiffs (D.I. 73) based on both Mr. Kinnard's

---

[1] The briefing for the pending Motion to Disqualify is as follows: Defendant's Motion and
opening brief (D.I. 73), Plaintiffs' answering brief (D.I. 74), and Defendant's reply brief (D.I.
76).
[2] The court inadvertently granted the motion for the applicant who listed a Delaware business
address in the motion and certification.

ineligibility for *pro hac vice* admission under Local Rule 83.5(c) and violation of Model Rule of Professional Conduct 3.7(a).  The parties filed answering and reply briefs on October 17, 2021 and October 25, 2021, respectively.  (D.I. 74; D.I. 76)  On October 19, 2021, the court ordered Plaintiffs to "submit a letter of no more than four pages explaining why it was not an error to submit a *pro hac vice* certification that the requirements for admission under Local Rule 83.5(c) were met and that counsel was familiar with this court's Local Rules."  On October 22, 2021, Plaintiffs submitted a letter in response.  (D.I. 75)  The court held a hearing on November 1, 2021 to hear argument on Plaintiffs' Motion for *pro hac vice* admission (D.I. 72) and Defendant's Motion to Disqualify Mr. Kinnard as counsel for Plaintiffs (D.I. 73).

## 2. *Pro Hac Vice* Admission Legal Standard.

D. Del. Local Rule 83.5(c) states:

> Admission *Pro Hac Vice*.  Attorneys admitted, practicing, and in good standing in another jurisdiction, who are not admitted to practice by the Supreme Court of the State of Delaware, may be admitted *pro hac vice* to the Bar of this Court **in the discretion of the Court, such admission to be at the pleasure of the Court.** Unless otherwise ordered by the Court, or authorized by the Constitution of the United States or acts of Congress, **an applicant is not eligible for permission to practice *pro hac vice* if the applicant:**
>
> > (1) Resides in Delaware; or
> >
> > **(2) Is regularly employed in Delaware;** or
> >
> > (3) Is regularly engaged in business, professional, or other similar activities in Delaware.
> >
> > **Any judge of the Court may revoke, upon hearing after notice and for good cause, a *pro hac vice* admission.**

D. Del. LR 83.5(c) (emphasis added).

The Third Circuit has held that, although a full scale hearing is not required in every case, "some type of notice and an opportunity to respond are necessary when a district court seeks to revoke an attorney's *pro hac vice* status." *Johnson v. Trueblood*, 629 F.2d 302, 303 (3d Cir. 1980). In addition, the Third Circuit has noted that "[a]t a minimum, a violation of any disciplinary standard applicable to members of the bar of the court would justify revocation of pro hac vice status." *Id.* at 304.

**3.** ***Pro Hac Vice* Analysis.** Local Rule 83.5(c) allows the court to exercise its discretion in revoking *pro hac vice* admission for good cause. *See* D. Del. LR 83.5(c). Here, good cause exists to correct the mistake that the applicant, Mr. Kinnard, was not eligible for *pro hac vice* admission because he is regularly employed in Delaware and has a Delaware business address. In both the October 19, 2021 Oral Order and November 1, 2021 hearing, the court provided the applicant and moving counsel an opportunity to explain why they submitted a *pro hac vice* application with a Delaware business address. The only explanation Plaintiffs offered was that the "[u]nless otherwise ordered by the court" language in Local Rule 83.5(c) should be broadly construed to allow the court to override the express ineligibility criteria. (*See* D.I. 75 at 2) However, no legal authority exists for Plaintiffs' position nor did they show in the *pro hac vice* motion, certification, or at the hearing, any substantive basis for the court to suspend application of the criteria and admit Mr. Kinnard despite his ineligibility under Local Rule 83.5(c)(2). Therefore, good cause exists to revoke the *pro hac vice* admission.

**4. "Lawyer As Witness" Legal Standard.** Assuming, *arguendo*, that the *pro hac vice* admission was not improvidently granted by the court, good cause exists independently to disqualify Mr. Kinnard under the "lawyer as a witness" prohibition in the Model Rules of Professional Conduct Rule 3.7(a). "The Court has the inherent authority to supervise the

3

professional conduct of attorneys appearing before it, including the power to disqualify an attorney from representation." *Princeton Digital Image Corp. v. Office Depot, Inc.*, C.A. No. 13-239-LPS, 2017 WL 3573812, at *1 (D. Del. Aug. 17, 2017) (citing *United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980)).  However, "[m]otions to disqualify are 'generally disfavored' and, therefore, require the moving party to show clearly that 'continued representation would be impermissible.'" *Id.* (quoting *Talecris Biotherapeutics, Inc. v. Baxter Int'l Inc.*, 491 F. Supp. 2d 510, 513 (D. Del. 2007)).  Whether to disqualify counsel is a fact-intensive inquiry that demands consideration of the facts of the case as well as the nature and stage of the litigation.  *See id.*  The Model Rules of Professional Conduct of the American Bar Association, which apply to attorneys admitted to this court per Local Rule 83.6(d), including attorneys admitted on motion, guide the court in supervising the professional conduct of attorneys authorized or admitted to practice before the court.  *See* D. Del. LR 83.6(d).  Applicable here is Model Rule 3.7(a), which states in relevant part:

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:  (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client.

MODEL RULES OF PROF'L CONDUCT R. 3.7(a) (2020).  Thus, if the attorney is "likely to be a necessary witness," he may not act as an advocate unless one of the three listed exceptions are met.

**5.  "Lawyer As Witness" Analysis.**  Defendant maintains that it intends to call Mr. Kinnard as a witness because he was involved in the day-to-day events giving rise to Plaintiffs' claims.  (D.I. 76 at 3-4)  Defendant also maintains that Mr. Kinnard's role as trial counsel in a matter concerning events to which he was also a witness will confuse the jury in violation of

Model Rule 3.7(a).  (*Id.* at 4-5)  In response, Plaintiffs contend that Mr. Kinnard does not offer, and Defendant does not point to, any unique factual testimony that other witnesses did not offer.[3] (D.I. 74 at ¶¶ 4, 16-22, 25)

**6.** Mr. Kinnard is disqualified from serving as Plaintiffs' counsel because, after carefully considering the facts and circumstances, the court finds that there is a likelihood Mr. Kinnard will be a necessary witness.  On November 9, 2020, Mr. Kinnard was deposed for three hours as a witness in this matter.  (D.I. 73, Ex. A)  Mr. Kinnard testified that he is the Executive Vice President and General Counsel for Harvey Hanna & Associates, Inc. ("Harvey Hanna") and that he essentially operates as the corporation's CEO.  (*Id.* at 13:5-12)  Harvey Hanna is the named insured on the Cincinnati insurance policy at issue and under which Plaintiffs seek to recover. (D.I. 1-1, ¶¶ 6-8, Ex. A, Ex. C)

**7.** Mr. Kinnard in his role at Harvey Hanna oversaw the insurance claim for Plaintiffs and has personal knowledge concerning the capital expenditures involving the roofs and buildings at issue.  (*See* D.I. 73, Ex. A at 40:21-42:1)  Specifically, Mr. Kinnard testified that he is involved in the approval of any major capital expenditure of more than $75,000 to $100,000, thus encompassing the roof repairs at issue.  (*See id.*)  Moreover, in Plaintiffs' Answers to Defendant's Interrogatories, Plaintiffs not only identify Mr. Kinnard as having knowledge of over a half dozen topics including Plaintiffs' allegations of bad faith, but also reserve the right to call Mr. Kinnard as a witness at trial.  (See D.I. 73, Ex. B Interrog. Nos. 11, 16)  Additionally, by Plaintiffs' own admission, Mr. Kinnard was "heavily involved…within months of the March

---

[3] To the extent Plaintiffs characterize Defendant's eleven-day delay in filing the Motion to Disqualify as an attempt to gain a tactical advantage and thus rendering the Motion untimely, the court notes that Plaintiffs' Motion for *pro hac vice* admission just two months before trial of an attorney who fails to meet Local Rule 83.5(c) criteria could also be viewed as an attempt to gain a tactical advantage.  (*See* D.I. 74 at ¶¶ 12-14)

2017 storm, and for over a year before any litigation was filed." (D.I. 74 at ¶ 22)  Given that Mr.

Kinnard's decision-making and knowledge bear on the issues central to the case, the court finds

that Mr. Kinnard is likely to be a necessary witness. *See Princeton Digital Corp.*, 2017 WL

3573812, at *1 (finding that an individual who has "unique, first-hand knowledge about [facts]

that [] other witnesses…do not" is likely to be a necessary witness).

    **8.**  The court also finds that none of the exceptions listed in Model Rule 3.7(a), which

would permit a "necessary witness" to serve as an advocate, apply here.  Mr. Kinnard's

testimony relates to contested issues and will not relate to the nature and value of legal services.

Further, the court finds that no substantial hardship on Plaintiffs exists as Mr. McAllister has

served as lead counsel for Plaintiffs for the majority of this litigation, has not withdrawn from

representation, and can continue in that role.  While Mr. Kinnard will not be permitted to serve

as Plaintiffs' counsel in the courtroom, the court's decision today does not preclude him from

continuing to provide out-of-court assistance to Plaintiffs.  *See Princeton Digital Corp.*, 2017

WL 3573812, at *1.  Notably, Mr. McAllister moved for the *pro hac vice* admission of Mr.

Kinnard as counsel for Plaintiffs within two months before trial is set to begin on December 6,

2021.  Accordingly, the court does not agree with Plaintiffs' contention that Mr. Kinnard's role

as *pro hac vice* counsel is crucial or that his absence "would work a substantial hardship" on

Plaintiffs.  *See* MODEL RULES OF PROF'L CONDUCT R. 3.7(a).  Therefore, no listed exception

applies, and Mr. Kinnard is precluded from serving as an advocate at a trial where he will likely

be called as a witness.  *See Electronic Laboratory Supply Co., Inc. v. Motorola, Inc.*, C.A. No.

88-4494, 1990 WL 96202, at *2 (E.D. Pa. July 3, 1990) (explaining that denying a party the

opportunity to call a necessary witness denies the party the full opportunity to present its case to

the jury).

**9. Conclusion.** For the foregoing reasons, Mr. Kinnard's *pro hac vice* admission is REVOKED for good cause.[4]  (D.I. 72)  Defendant's Motion to Disqualify Mr. Kinnard (D.I. 73) is GRANTED.

**10.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2).  The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order.  Fed. R. Civ. P. 72(a).  The objections and responses to the objections are limited to four (4) pages each.

**11.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

---

[4] The *pro hac vice* fee shall be refunded by the court.

7